UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO.   H-10-459-S |
| | § | |
| WILMAR RENE DURAN-GOMEZ | § | |

## NOTICE OF INTENT TO SEEK THE DEATH PENALTY

COMES NOW, the United States of America, by and through the United States Attorney for the Southern District of Texas, Kenneth Magidson, and Ruben R Perez, Joe Magliolo, and Jennie Basile, Assistant United States Attorneys, and pursuant to Title 18, United States Code, Section 3593(a), and files this Notice of Intent to Seek the Death Penalty, notifying the Court and the Defendant, **WILMAR RENE DURAN-GOMEZ**, that in the event Defendant is convicted of Counts 2 or 3, relating to harboring illegal aliens resulting in death, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iii) and 1324(a)(1)(B)(iv), the Government believes a sentence of death is justified, and the Government will seek a sentence of death.

The Government intends to prove the following statutory factors pursuant to Title 18, United States Code, Sections 3591(a)(2) and 3592(c) as charged in the

1

Superseding Indictment Notice of Special Findings, hereby incorporated by reference, and non-statutory factors pursuant to Title 18, United States Code, Section 3593(a)(2), as justifying a sentence of death.

A.   <u>Statutory Factors Enumerated Pursuant to Title 18, United States Code, Section 3591(a)(2)</u>

The Government will seek to prove the following threshold findings as the basis for imposition of the death penalty in relation to Counts 2 or 3 of the Superseding Indictment:

1. **WILMAR RENE DURAN-GOMEZ** was 18 years of age or older at the time of the offense(s) (18 U.S.C. § 3591(a));

2. **WILMAR RENE DURAN-GOMEZ** intentionally inflicted serious bodily injury that resulted in the death of Abelardo Sagastume (18 U.S.C. § 3591(a)(2)(B));

3. **WILMAR RENE DURAN-GOMEZ** intentionally inflicted serious bodily injury that resulted in the death of Hector LNU (18 U.S.C. § 3591(a)(2)(B));

4. **WILMAR RENE DURAN-GOMEZ** intentionally participated in one

or more acts, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Abelardo Sagastume died as a direct result of such act or acts (18 U.S.C. § 3591(a)(2)(C));

5. **WILMAR RENE DURAN-GOMEZ** intentionally participated in one or more acts, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Hector LNU died as a direct result of such act or acts (18 U.S.C. § 3591(a)(2)(C));

6. **WILMAR RENE DURAN-GOMEZ** intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim, Abelardo Sagastume, died as a direct result of the act (18 U.S.C. § 3591(a)(2)(D)); and

7. **WILMAR RENE DURAN-GOMEZ** intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense,

such that participation in the act constituted a reckless disregard for human life and the victim, Hector LNU, died as a direct result of the act (18 U.S.C. §3591(a)(2)(D)).

B.  **Statutory Aggravating Factors Enumerated Pursuant to Title 18, United States Code, Section 3592(c)**

The Government will seek to prove the following statutory aggravating factors as the basis for imposition of the death penalty in relation to Counts 2 or 3 of the Superseding Indictment:

1. **WILMAR RENE DURAN-GOMEZ** committed the offense in an especially heinous, cruel, or depraved manner in that it involved torture or serious physical abuse to the victims, Abelardo Sagastume and Hector LNU (18 U.S.C. § 3592(c)(6));

2. In the commission of the offense, **WILMAR RENE DURAN-GOMEZ** knowingly created a grave risk of death to one or more persons in addition to the victims of the offense, Abelardo Sagastume and Hector LNU (18 U.S.C. § 3592(c)(5));

3. **WILMAR RENE DURAN-GOMEZ** intentionally killed or attempted to kill more than one person in a single criminal episode (18 U.S.C. § 3592(c)(16)).

    4.    **WILMAR RENE DURAN-GOMEZ** committed the offense after substantial planning and premeditation to cause the death of a person (18 U.S.C. §(c)(9)).

    5.    In the commission of the offense, **WILMAR RENE DURAN-GOMEZ** knew Abelardo Sagastume and Hector LNU were vulnerable due to infirmity (18 U.S.C. §(c)(11)).

C.    <u>Non-statutory Aggravatory Factors Enumerated Pursuant to Title 18, United States Code, Section 3593(a)</u>

The Government will seek to prove the following non-statutory aggravating factors as the basis for imposition of the death penalty in relation to Counts 2 or 3 of the Superseding Indictment:

1.    **FUTURE DANGEROUSNESS OF THE DEFENDANT**

**WILMAR RENE DURAN-GOMEZ** represents a continuing danger to the lives and safety of other persons in that he demonstrates a continuing pattern of violence, exhibits low rehabilitative potential, and/or shows a lack of remorse, as evidenced by, at least, one or more of the following:

    a.    <u>Continuing Pattern of Violence</u>

**WILMAR RENE DURAN-GOMEZ** has engaged in a continuing pattern of violence, attempted violence, and threatened violence, including, at least, the crimes

alleged against **DURAN-GOMEZ** in the Indictment and a history of abusive and malicious conduct against others, including his girlfriends, a female employee, and even his mother. A former girlfriend reports that after an argument erupted, **DURAN-GOMEZ** kicked her hard in the stomach. Another former girlfriend reports that **DURAN-GOMEZ** frequently beat and physically abused her, by punching her, raping her, and locking her in the bedroom for extended periods of time. A female employee states that when she was having a discussion with **DURAN-GOMEZ**, he suddenly pressed a loaded .357 pistol to her head. His half-sister states that she witnessed **DURAN-GOMEZ** grab his mother by her hair and drag her from the bedroom to the living room of their apartment.

    b. <u>Lack of Remorse</u>

After commission of the offenses charged in the Indictment, **WILMAR RENE DURAN-GOMEZ**, through his actions and statements, demonstrated an utter lack of remorse over having committed the offense. His half-sister, Judith Lopez, stated that **DURAN-GOMEZ** never showed remorse for his actions when he admitted that he had beaten the aliens and disposed of the two who died.

    c. <u>Low Likelihood of Rehabilitation</u>

**WILMAR RENE DURAN-GOMEZ** has demonstrated a low potential for rehabilitation as evidenced by record of sadistic behavior and his longstanding

involvement in criminal activities leading up to the capital offenses charged in the Indictment.  **WILMAR RENE DURAN-GOMEZ** has two felony convictions – obstruction of justice and a 2002 conviction for aggravated assault with a deadly weapon (knife).   The aggravated assault with a deadly weapon conviction involved **DURAN-GOMEZ** beating the victim, threatening the victim with a pocket knife, later raping the victim, and asserting that he could kill the victim if he desired.

2. **VICTIM IMPACT EVIDENCE**

There is significant victim impact evidence concerning the effects of the offenses on the victims.   As reflected by the victim's personal characteristics as a human being and the impact of the offenses on the victim and his family, **WILMAR RENE DURAN-GOMEZ** caused loss, injury, and harm to the victim and the victim's family (s*ee Payne v. Tennessee,* 501 U.S. 808, 825-27 (1991)) including, but not limited to, the fact that the victim's family suffered severe and irreparable harm.

3. **VULNERABLE VICTIM**

The victims were particularly vulnerable as a consequence of being harbored by **WILMAR RENE DURAN-GOMEZ** in a warehouse from which they were unable to extricate themselves and under circumstances that rendered them vulnerable.

The Government further gives notice that in support of imposition of the death penalty it intends to rely upon all evidence admitted by the Court at the guilt phase of the trial and the offense of conviction as described in the Superseding Indictment as they relate to the background and character of the defendant, **WILMAR RENE DURAN-GOMEZ**, his moral culpability, and the nature and circumstances of the offenses charged in the Superseding Indictment.

    Respectfully submitted,

    KENNETH MAGIDSON
    United States Attorney

    By: /s/_____
    Ruben R. Perez
    Assistant United States Attorney

    By: _/s/_____
    Joe Magliolo
    Assistant United States Attorney

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing instrument has been furnished to Wendell Odom and Neal Davis, Attorneys for Defendant Wilmar Rene Duran-Gomez, via electronic transmission on this the 4th day of October, 2012.

                                            /s/_____
                                            Ruben R. Perez
                                            Assistant United States Attorney