Case 4:10-cr-00459   Document 465   Filed on 10/07/19 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
October 09, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| VS. | § | CRIMINAL NO. 4:10-CR-0459-S |
| | § | |
| WILMAR RENE DURAN-GOMEZ, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

### I.

Pending before the Court are the defendant's, motion to strike the government's Notice of Intent ("NOI") to seek the death penalty against the defendant and his motion and argument that the application of the death penalty violates his constitutional rights under the Fifth and Eighth Amendments to the federal Constitution [DE 343]. The government filed a response to the defendant's motions [DE 354]. After a careful review of the pleadings, briefs and arguments of counsel, the Court determines that the defendant's motion to strike and challenge to the application of the death penalty on constitutional grounds should be denied.

### II.

The Second Superseding Indictment charges that the defendant and co-defendants, beginning January 2005 and continuing to, on or about, November 2006, conspired to transport and harbor aliens within the Southern District of

Texas. The Indictment further asserts that aliens were smuggled from Mexico into the United States and held in a warehouse in Houston, Texas. To facilitate the operation, it is alleged that the defendant formed two transportation companies and employed co-conspirators to assist.

The Indictment charges that on or about November 6, 2006, aliens Sagastume and Hector LNU were among the aliens delivered to the Houston warehouse. They, along with others, were held pending the payment of smuggling fees. On or about November 7, 2006, a fire was started in the warehouse, allegedly, by aliens attempting to escape. When the defendant learned of the fire, he set out to identify the person(s) who set the fire. Shortly, the investigation focused on Sagastume and Hector LNU. The government asserts that the two were repeatedly beaten over several days, which beatings actually resulted in the death of both men.

The government's original Indictment was filed on July1, 2010, and named the defendant and three co-defendants. A Superseding Indictment was filed on October 4, 2012, expanding the scope of the charges. Concurrently, the government filed a NOI to seek the death penalty against the defendants. A second Superseding Indictment was returned on January 10, 2017, refining the government's charges against the defendant and a co-defendant.

### III.

The defendant asserts, by his motions, that the death penalty assessment violates his Fifth and Eighth Amendments right under the federal Constitution. More specifically, he asserts that the government's NOI to seek the death penalty is disproportionate to his crime and further, violates his Eighth Amendment to be free from "cruel and unusual" punishment. Concerning his constitutionality argument, the defendant also asserts similar claims, that include geographic and racial disparity argument, particularly in Harris County, Texas, and funding disparities that together violate his rights to "due process".

The Court has reviewed the defendant's motion and the government's response, and determines that neither the pleadings, arguments of counsel nor case law supports a finding that the defendant's rights under the Fifth or Eighth Amendments have been or will be violated by the charges or the government's intent to seek the death penalty. The whole of the defendant's claims tend toward an "equal protection" argument requiring evidence that the government has set out on a course of purposeful discrimination toward him or, that such course will have a discriminatory effect on him. *See McClesky v. Kemp*, 481 U.S. 279, 292 (1987).

There is no evidence that the Department of Justice or the U. S. Attorneys for the Southern District of Texas ("AUSA") has acted or is acting with a discriminatory purpose. *Id.* Moreover, the defendant's reliance on statistics,

evincing the conduct of Harris County District Attorney's Office, is of no impact in this federal case. The record of the AUSA, in seeking to apply the death penalty in the Southern District of Texas is not captured by the Harris County statistics. Therefore, the statistical data supplied does not demonstrate the mindset or conduct of the AUSA.

The Court concludes, therefore, that the defendant's motion to strike the NOI and to dismiss based on an unconstitutional process should, and they are, Hereby Denied.

It is so Ordered.

SIGNED on this 7th day of October, 2019.

_____
Kenneth M. Hoyt
United States District Judge